04-2818ghmGarciaM&O.wpd

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE ANSELMO GARCIA, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-2818 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Jose Anselmo Garcia, an inmate of the Texas Department of Criminal Justice – Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his state felony conviction for robbery. Respondent filed a motion for summary judgment with a copy of the state court records. (Docket Entries No. 8, 9.) Petitioner responded. (Docket Entry No. 12.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this action.

## I. PROCEDURAL BACKGROUND

A jury found petitioner guilty of the lesser-included offense of robbery in the 248th District Court of Harris County, Texas, and assessed punishment at fourteen years confinement. The conviction was affirmed on appeal. *Garcia v. State*, No. 01-00-00886-CR (Tex. App. – Houston [1st Dist.] 2001, pet. ref'd) (not designated for publication). The Texas Court of Criminal Appeals refused discretionary review. Petitioner's first state habeas

application was denied by the Texas Court of Criminal Appeals without a written order on January 14, 2004. *Ex parte Garcia*, Application No. 56,874-02, at cover. His second application for state habeas review was dismissed on June 2, 2004 as an abuse of the writ. *Ex parte Garcia*, Application No. 56,874-03, at cover.

Petitioner raises the following grounds for federal habeas relief:

(1)     legally and factually insufficient evidence;

(2)     actual innocence;

(3)     the lesser-included offense of robbery was not alleged in the indictment;

(4)     his conviction for the lesser-included offense of robbery constituted double jeopardy;

(5)     improper jury argument by the State;

(6)     use of an invalid enhancement conviction; and

(7)     ineffective assistance of trial counsel in

    (a)     failing to object to the invalid enhancement conviction;

    (b)     erroneously advising petitioner as to the enhancement conviction;

    (c)     failing to file a motion for new trial;

    (d)     failing to object to the lesser-included jury charge;

    (e)     failing to object to demonstrative evidence of a firearm;

    (f)     failing to object to a telephone call from the court bailiff to the complainant; and

    (g)     failing to object to a leading question on an element of the offense.

Respondent argues that all of these grounds fail as a matter of law.

## II.   FACTUAL BACKGROUND

The state appellate court set forth the following statements of facts in its opinion:

On midnight of December 11, 1999, Karla Urcuyo picked up her boyfriend, the complainant, in his black truck and drove him to a Pasadena taqueria. While in the restaurant's parking lot, they encountered appellant and another man, who demanded complainant's truck and necklace.

After the complainant reported the truck stolen, Officer Drey was dispatched to the taqueria. While interviewing the complainant and Urcuyo, Officer Drey radioed in a description of the missing truck and a red car that was following it out of the parking lot. Within a few minutes, Officers Fehl and Howard, who had previously spotted a red car following a black truck, located appellant and the truck less than a mile from the taqueria. Upon seeing the officers, appellant starting running. He was apprehended within the hour. An investigation of the area revealed no weapons, but Officer Powell did find a necklace that belonged to the complainant.

*Garcia*, at 2.

## III.   THE APPLICABLE LEGAL STANDARDS

This petition is governed by applicable provisions of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal relief

cannot be granted on legal issues adjudicated on the merits in state court unless the state

adjudication was contrary to clearly established federal law as determined by the Supreme

Court, or involved an unreasonable application of clearly established federal law as

determined by the Supreme Court. *Williams v. Taylor,* 529 U.S. 362, 404-05 (2000); 28

U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies

a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a

set of facts that are materially indistinguishable from a Supreme Court decision and arrives

at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8

(2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies

the correct legal rule to the facts of a particular case, or unreasonably extends a legal

principle from Supreme Court precedent to a new context where it should not apply or

unreasonably refuses to extend that principle to a new context where it should apply.

*Williams,* 529 U.S. at 409.  In deciding whether a state court's application was unreasonable,

this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues.  Under

28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a

factual determination will not be overturned on factual grounds unless it is objectively

unreasonable in light of the evidence presented in the state-court proceeding.  *Miller-El v.

Cockrell*, 537 U.S. 322, 343 (2003).  A federal habeas court must presume the underlying

factual determination of the state court to be correct, unless the petitioner rebuts the

presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see

also Miller-El*, 537 U.S. at 330-31.

## IV.  INSUFFICIENT EVIDENCE AND ACTUAL INNOCENCE

Petitioner complains that he is actually innocent because the evidence is legally and

factually insufficient to support the conviction for robbery.  Factual insufficiency of the

evidence is not a cognizable habeas ground.  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991);

*Woods v. Cockrell*, 307 F.3d 353, 357-58 (5th Cir. 2002).  Accordingly, petitioner's argument

raises only a legal sufficiency challenge.

The state court of appeals found the evidence legally sufficient, as follows:

[A]ppellant contends that the evidence is legally insufficient to support the verdict.  Specifically, he argues that the evidence is insufficient to prove that he either intentionally or knowingly threatened or put another in fear of imminent bodily harm or death.

In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).

The State was required to prove the essential elements of robbery.  A person commits robbery 'if in the course of committing theft,' and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.  Tex. Pen. Code Ann. § 29.02(a)(2) (Vernon 1994).  'In the course of committing theft' means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft. *Id*. § 29.01(1).

Here, the prosecutor asked the complainant if he feared for his safety.  The complainant answered, 'No, well, yes.'  The prosecutor then asked, 'Were you scared that these men were asking for your truck and asking for your necklace while they had firearms on them?'  The complainant answered, 'Yes.'  In addition, appellant admitted that he drove off in the truck without the complainant's permission.  This testimony is legally sufficient evidence for a rational trier of fact to conclude that appellant committed the essential elements of robbery.

*Garcia*, at 2-3.

This Court has reviewed petitioner's insufficiency claim and finds it without merit. In reviewing the sufficiency of the evidence, the federal standard for review is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under this standard, the jury may disregard any evidence it chooses to disregard, as it is the "responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts." *Id*. Any contradictory testimony does not affect the validity of the guilty verdict. *Id*. The evidence can be sufficient to support a conviction under *Jackson* even when it also supports a claim of innocence. *See Gibson v. Collins*, 947 F.2d 780, 783 (5th Cir. 1991).

The gravamen of petitioner's argument is that because the jury rejected aggravated robbery but found robbery, the jury necessarily found that while petitioner did not use or exhibit a deadly weapon, he nonetheless threatened or placed complainant in fear of imminent bodily injury or death. He argues that if he did not use or exhibit a deadly weapon, he could not have threatened or placed complainant in fear of imminent bodily injury or death.

Petitioner's argument misses the mark. Setting aside the disputed evidence of firearms, the record shows, and the state court found, that petitioner and another man approached complainant in a parking lot and demanded the keys to his truck. The record further shows that two other men were waiting in a car parked nearby. Petitioner admitted

6

that he took complainant's truck, but denied he was armed at the time.  Complainant testified that he feared for his safety during the incident.

Nothing under either state law or the jury instructions necessitated that the fear of imminent bodily injury be a response to firearms.  The evidence set forth by the state court of appeals in its opinion is itself enough to allow a rational trier of fact to convict petitioner of the allegations in the indictment and jury charge, and the evidence presented at trial was enough to defeat a legal sufficiency challenge in a Texas appellate court.  *See King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  An independent review of the trial record reveals evidence sufficient under *Jackson* to sustain the jury's verdict.

A claim of actual innocence, standing alone, is insufficient to merit federal habeas relief.  *See Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000).  Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution, not to correct errors of fact.  *Herrera*, 506 U.S. at 400.  There also must be evidence of an independent constitutional violation in the state criminal proceeding.  *Dowthitt*, 230 F.3d at 741.  The Supreme Court has held that, to show actual innocence, a petitioner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of all of the evidence, including that alleged to have been illegally admitted and evidence tenably claimed to have

been wrongly excluded or to have become available only after trial. *Schlup v. Delo*, 513 U.S. 298, 321(1995).

In *Schlup*, the Supreme Court recognized the distinction between habeas petitioners who assert that their actual innocence in itself presents a violation of their constitutional rights (as in *Herrera*) and habeas petitioners who assert that their actual innocence acts as a catalyst to bring them within that "narrow class of cases" in which the refusal of the court to hear their underlying constitutional claims will result in "a fundamental miscarriage of justice." 513 U.S. at 314-15. Actual innocence in this second type of petition is not itself a basis for federal habeas relief; it is, however, "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id*.

To the extent petitioner claims actual innocence based on the constitutional errors raised in his petition, this Court has found no errors of constitutional dimension. Petitioner shows no basis for habeas relief under an actual innocence claim. *See Fahle v. Cornyn*, 231 F.3d 193, 196-97 (5th Cir. 2000). Respondent is entitled to summary judgment on petitioner's claims of insufficient evidence and actual innocence.

## V.  THE LESSER-INCLUDED OFFENSE

Petitioner complains that because the jury rejected the aggravated robbery charge and found him guilty only of the lesser-included robbery charge, his conviction for robbery constitutes double jeopardy or collateral estoppel. He further complains that the lesser-included robbery offense was not charged in the indictment, and that the State improperly

referred to the lesser-included offense during jury argument.  In rejecting these arguments

on collateral review, the state habeas court made the following findings:

> 2.     The jury verdict finding Applicant guilty of robbery was proper because the
>         Texas Code of Criminal Procedure article 37.08 allows a jury to find a
>         defendant not guilty of the greater offense, but guilty of any lesser included
>         offense.
>
> 3.     Applicant is procedurally barred from challenging the jury charge in the instant
>         proceeding; jury charge defects must be raised on direct appeal.
>
> 9.     Applicant fails to demonstrate that he was subjected to double jeopardy in the
>         primary case.  *North Carolina v. Pearce*, 395 U.S. 711 (1969) (holding that
>         double jeopardy clause of Fifth Amendment protects against (1) second
>         prosecution for the same offense after conviction; (2) second prosecution for
>         the [same] offense after acquittal; and (3) multiple punishments for the same
>         offense).

*Ex parte Garcia*, p. 261 (citations omitted).  The Texas Court of Criminal Appeals relied on

these findings in denying state habeas relief.

To the extent petitioner complains that the state courts made errors grounded in state

law, this Court does not review a state prisoner's federal habeas corpus petition to determine

whether the state courts correctly construed and applied state law.  Federal habeas corpus

relief does not lie for errors of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Nor

does petitioner show that he was placed in double jeopardy under *North Carolina v. Pearce*,

395 U.S. 711 (1969).  The Double Jeopardy clause does not prohibit the State from charging

a defendant with greater and lesser-included offenses and prosecuting those offenses in a

single trial.  *Ohio v. Johnson*, 467 U.S. 493, 500 (1984).  Further, collateral estoppel only

applies after an issue of fact has been determined by a valid and final judgment.  *Ashe v.*

9

*Swenson*, 397 U.S.436, 443 (1970).  Here, there was one trial and one judgment; collateral estoppel has no application.

Petitioner fails to show that the state court's determination were contrary to clearly established federal law as determined by the Supreme Court or were unreasonable determinations of the facts based on the evidence in the record.  Respondent is entitled to summary judgment on these issues.

## VI.  ENHANCEMENT CONVICTIONS

Petitioner complains that the state court erred in allowing use of one or more of his juvenile convictions for enhancement purposes at punishment.  In rejecting this argument, the state habeas court found as follows:

> 4.    The Texas Penal Code section 12.42(f) allows juvenile convictions to be used for enhancement purposes if they are final felony convictions. Furthermore, Applicant fails to demonstrate that the indictment fails to charge an offense or that he made any objection to the information prior to his trial.  Applicant's failure to object to the enhancements waived any error by procedural default.

*Ex parte Garcia*, p. 261 (citations omitted).  The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.

Again, to the extent petitioner complains that the state courts made errors grounded in state law, this Court does not review a state prisoner's federal habeas corpus petition to determine whether the state courts correctly construed and applied state law.  Federal habeas corpus relief does not lie for errors of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Petitioner fails to show that the state court's determination was contrary to clearly

10

established federal law as determined by the Supreme Court or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment on this issue.

## VII.   INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel.  U.S. CONST. amend. VI.  A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance.  *Id.* at 687.  The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim.  *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 688.  In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy.  *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996).  To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  *Wilkerson*

11

*v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).  However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland,* 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694.  To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).  In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled.  *Id.*

Petitioner alleges the following instances of ineffective assistance of trial counsel, each of which is addressed separately.  The state habeas court rejected these complaints,  and found that petitioner failed to show either deficient performance or prejudice under *Strickland*. *Ex parte Garcia*, p. 262.  Petitioner does not address respondent's motion for summary judgment on the issues of ineffective assistance of counsel.  (Docket Entry No. 12.)  The Court nevertheless will review petitioner's claims, as they have no  merit.

A.    Failure to object to enhancement conviction

Petitioner complains that counsel should have objected to the juvenile convictions alleged as enhancement paragraphs at the punishment phase of trial.  Petitioner does not provide the Court with any applicable factual or legal reasons why use of the convictions was

improper, or state the nature of any objection trial counsel neglected to make.  As a result, petitioner fails to show that an objection to the convictions would have been granted under state law.  To the contrary, and as previously noted by this Court, the state habeas court found that state law allows juvenile convictions to be used for enhancement purposes if they are final felony convictions.  *Ex parte Garcia*, p. 261.  The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.

This Court will not review the state court's determination of issues of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Petitioner fails to show that an objection to the enhancement convictions would have been granted.  Counsel is not ineffective in failing to raise futile or meritless objections.  *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). The state habeas courts denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this issue.

B.    Erroneous Advice

In similar fashion, petitioner argues that counsel was deficient in incorrectly advising him that the juvenile convictions could be used to enhance his punishment.  For the reasons shown above, counsel's advice was not incorrect under state law and no ineffective assistance is shown.

13

The state habeas courts denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment on this issue.

C.      Failure to File a Motion for New Trial

Petitioner alleges that trial counsel failed to challenge the sufficiency of the evidence through a motion for new trial.  To prevail on this ground, petitioner must show that the motion for new trial would have been granted.  This he cannot do; the state court on direct appeal found the evidence legally and factually sufficient to support the conviction.  Counsel is not ineffective in failing to raise futile or meritless objections or motions.  *Koch*, 907 F.2d at 527.

The state habeas courts denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment on this issue.

D.      Failure to Object to Lesser-Included Jury Charge

Petitioner complains that counsel should have objected to the inclusion of a lesser-included jury charge for robbery, because the evidence was insufficient to raise the lesser-included offense.  His argument is groundless, as the state court on direct appeal found the

14

evidence sufficient to support petitioner's robbery conviction.  Petitioner fails to show that had counsel raised this objection, it would have been granted.

The state habeas courts denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment on this issue.

E.    Failure to Object to Demonstrative Evidence of Firearm

Petitioner complains that counsel failed to object to the State's introduction of demonstrative evidence of a shotgun.  The record reveals that complainant and his girlfriend both testified that the shotgun was similar to the weapons exhibited during the offense.  (S.F. Vol. IV, pp. 85, 120, 123.)  Petitioner fails to show that had counsel objected, the objection would have been granted.   Trial counsel is not deficient in failing to raise futile objections, and petitioner fails to demonstrate ineffective assistance of counsel on this issue.

The state habeas courts denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment on this issue.

F.    Failure to Object to Telephone Call

Petitioner complains that counsel failed to object to a telephone call purportedly made by the state court bailiff to the complainant.  As noted by respondent, there is no evidence

of such telephone call in the record.  Petitioner's conclusory allegation is unsupported by the record and insufficient to raise a genuine issue of material fact precluding summary judgment.  *See Koch*, 907 F.2d  at 530.

The state habeas courts denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment on this issue.

G.    Failure to Object to Leading Question

Petitioner complains that counsel failed to object when the State asked the complainant, 'Were you scared that these men were asking for your truck and asking for your necklace while they had firearms on them?'  Petitioner argues that this was an improper leading question that established a crucial element of the robbery offense.

The failure to object to leading questions is generally viewed as a matter of trial strategy.  *Burnett v. Collins*, 982 F.2d 922, 929 (5th Cir. 1993).  In the instant case, counsel reasonably could have elected not to object because it would have emphasized and drawn the jury's attention to the unfavorable testimony.  Had the objection been sustained, the State simply could have rephrased the question and moved forward.  Petitioner shows neither deficient performance nor prejudice under *Strickland*.

The state habeas courts denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of

*Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment on this issue.

## VIII.   CONCLUSION

The motion for summary judgment (Docket Entry No. 8) is **GRANTED**.  The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED**.  Any and all pending motions are **DENIED** as moot.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on November 27, 2006.

_____
Gray H. Miller
United States District Judge